STATE of Oklahoma ex rel. POLLU-
TION CONTROL COORDINATING
BOARD, Appellant,

v.

OKLAHOMA CORPORATION COMMIS-
SION and Enserch Exploration,
Inc., Appellees.

No. 55807.

Supreme Court of Oklahoma.

Jan. 18, 1983.

Rehearing Denied April 11, 1983.

Jan Eric Cartwright, Atty. Gen., and
Brent S. Haynie, Asst. Atty. Gen., Oklaho-
ma City, for appellant.

Alice S. Mitchell, Conservation Atty., and
Gretchen P. Hoover, Asst. Conservation
Atty., Oklahoma City, for appellee Oklaho-
ma Corp. Com'n.

Holliman, Langholz, Runnels & Dorwart
by Kelly Beaver, Tulsa, and Wesner, Wes-
ner & Rainbolt, Cordell, for appellee En-
serch Exploration, Inc.

HODGES, Justice.

The dispositive question presented is
whether the Corporation Commission has
exclusive jurisdiction over slush pit pollu-
tion or if oversight is vested in the Pollution
Control Coordinating Board [PCCB]. This
case arose as the result of an appeal from
the order of the PCCB to the district court
which found that exclusive jurisdiction was
vested in the Corporation Commission.

After the appeal was lodged by the
PCCB, the Commission filed a motion to
dismiss, alleging that the amendment of 63
O.S.Supp.1978 § 2756 [recodified as 63 O.S.
1981 § 1–2005(A)(2) ][1] unequivocally vests
the Corporation Commission with exclusive

---

1. It is provided by 63 O.S.Supp.1978 § 2756,
now 63 O.S.1981 § 1–2005(A)(2) in pertinent
part:

"The Corporation Commission of Oklahoma
is hereby vested with exclusive jurisdiction,
power and authority, and it shall be its duty to
make and enforce such rules, regulations and
orders governing and regulating the handling,
hauling, storage and disposition of salt water,
mineral brines, waste oil and other deleterious
substances produced from or obtained or used

in connection with the drilling, development,
producing and processing of oil and gas, includ-
ing reclaiming of oil from tank bottoms located
on leases and tank farms located outside the
boundaries of a refinery.

"The Corporation Commission shall promul-
gate such rules and regulations as are reasona-
ble and necessary for the purpose of preventing
the pollution of the surface and subsurface
waters in the state...."

jurisdiction and that the appeal should be dismissed because it is moot. The Commission also argues that despite statutory evolution, the Corporation Commission has been vested with exclusive jurisdiction over all oil and gas matters since 1917, when 17 O.S.1981 § 52 was codified.[2] This statute is the touchstone for the rationale that exclusive jurisdiction is vested in the Corporation Commission. It provides that all authority concerning the drilling and operating of oil and gas well is exclusively conferred on the Commission. This statute has not been amended or repealed since 1917; however, other statutes have been enacted which define specific areas of jurisdiction.

█ In 1955, 52 O.S.Supp.1955 § 139 was adopted, vesting the Commission with prevention of pollution of surface and subsurface waters. Although § 139 was amended in 1965, the Commission is still charged with this duty.[3] At the same time that § 139 was enacted, the Legislature also enacted 52 O.S.Supp.1955 § 140 which gave

the Commission the right, after hearing, to prohibit the storage of deleterious substances in earthen ponds if pollution is occurring or likely to occur. The subsequent 1965 amendment did not alter this right.[4]

The Pollution Control Coordinating Act promulgated in 1968, 82 O.S.1981 § 933, stated that the water pollution prevention and control responsibilities of the state agencies represented by the respective membership of the board of the Department of Pollution Control[5] "shall remain as provided by law" and the Act "shall not be construed as modifying or lessening any requirements, authority or responsibility of any agency of the state in the discharge of its duties as prescribed by law for preventing or controlling pollution."[6] Pursuant to 82 O.S.1971 § 938, the Act is not to be construed as repealing any laws of the state relating to the pollution of waters or any conservation laws but it is to be construed as auxiliary and supplementary.[7] Title 82

**2.** Title 17 O.S.1981 § 52 states:

"All authority and duties now conferred upon the Corporation Commission or other departments of the state government in reference to the conservation of oil and gas and the drilling and operating oil and gas wells and the construction and regulation of oil and gas pipelines, are hereby conferred exclusively upon the Corporation Commission."

**3.** It is provided by 52 O.S.1981 § 139:

"The Corporation Commission of Oklahoma, referred to in this act as the 'Commission', is hereby vested with jurisdiction, power and authority, and it shall be its duty, to make and enforce such rules, regulations and orders governing and regulating the handling, storage and disposition of saltwater, mineral brines, waste oil and other deleterious substances produced from or obtained or used in connection with the drilling, development, producing, refining and processing of oil and gas within the State of Oklahoma or operation of oil or gas wells in this state as are reasonable and necessary for the purpose of preventing the pollution of the surface and subsurface waters in the state, and to otherwise carry out the purpose of this act."

**4.** Earthen storage ponds are regulated by 52 O.S.1981 § 140:

"The Commission shall not, by a general rule, regulation, or order, prohibit the storage in earthen ponds of the deleterious substances described in Section 1 of this act, but shall by general rule, regulation, or order prescribe standards, conditions, or limitations for the use

of such ponds, and shall by rule, regulation, or order prohibit the storage of such substances in earthen ponds in areas, fields, or instances found to be required to prevent pollution."

**5.** The Pollution Control Coordinating Board includes the Chairman of the Corporation Commission pursuant to 82 O.S.1981 § 932(B).

**6.** The continuing duties of various agencies charged with environmental control were recognized by the Pollution Control Coordinating Act; 82 O.S.1981 § 933, which provides in pertinent part:

"To establish an effective, coordinated environmental control program in the Department of Pollution Control and to utilize existing resources and facilities in the several state agencies which have environmental control responsibilities and powers under existing statutes, including but not limited to control of water pollution, air pollution, solid waste disposal and littering, the environmental control responsibilities of the state agencies represented by the respective membership of the Board shall remain as provided by law and this act shall not be construed as modifying or lessening any requirements, authority or responsibility of any agency of the state in the discharge of its duties as prescribed by law for preventing or controlling pollution; ..."

**7.** It is provided by 82 O.S.1971 § 938:

"This act shall not be construed as repealing any laws of the state relating to the pollution of

O.S.Supp.1974 § 932.2(B)(6) requires the director of the Board to establish and maintain a system for pollution violation reports and to refer reported violations to the proper agency for investigation and remedy.[8] Section 936(c) requires the Board to refer a copy of any pollution complaint to the agency which has primary jurisdiction.[9]

The circumstances under which the Board may assume jurisdiction are limited. In accordance with 82 O.S.1971 § 936, any pollution complaint which is filed with the PCCB must be docketed, assigned a number and then referred immediately "to the agency or agencies having primary jurisdiction." The PCCB may proceed: (1) if it finds a violation of any regulation or order of the PCCB or member agency; (2) if it finds that the agency having primary jurisdiction has "failed, refused or neglected to take action;" or (3) the agency having primary jurisdiction requests the PCCB to take action. None of these criteria are present.

The exclusive jurisdiction of the Corporation Commission has continuously been reaffirmed by the Legislature. In 1974, the enactment of the Oklahoma Wildlife Conservation Code, specifically 29 O.S.Supp. 1974 § 7–401(C), mandated that a pollution violation caused by petroleum drilling, production, transmission, or storage was to be reported to the Corporation Commission. The Commission was given the express power to order corrective action.[10]

■ It is readily apparent that the Commission has exclusive statutory authority in the area of conservation of oil and gas and the drilling and operation of oil and gas wells.[11] Title 63 O.S.Supp.1976 § 2756 provided that any substance resulting from or used in conjunction with oil and gas exploration, development or production shall continue to be regulated by the Corporation Commission. The statute, as amended in 1978, vests the Commission with exclusive jurisdiction, power and authority governing the disposition of deleterious substances incidental to petroleum production and to promulgate rules and regulations to prevent pollution of the surface and subsurface waters in the state. This statute, and all prior analagous statutes are merely cumulative and predicated on the foundation laid in 1917 by 17 O.S.1981 § 52 reposing all authority concerning petroleum production in the Corporation Commission.

AFFIRMED.

waters thereof or any conservation laws, but shall be held and construed as auxiliary and supplementary thereto."

**8.** Title 82 O.S.Supp.1974 § 932.2(B)(6) provides:

"Establish and maintain a system whereby any person may report violations of the pollution laws of the state and refer these reported violations to the proper agency for investigation and remedy."

**9.** Procedures are delineated by 82 O.S.1971 § 936(c):

"Any pollution complaints may be filed with the Board. Upon receipt thereof the Director shall docket said complaint in a record to be kept for that purpose, shall assign the same a number and shall immediately refer a copy of the complaint to the agency or agencies having primary jurisdiction. All agencies shall file with the Board a report of the findings and action taken on any such complaint referred to it. If the complainant or the Director is dissatisfied with the findings or action, the same shall be placed on the calendar for the next Board meeting."

**10.** The portion of the Wildlife Conservation Code, 29 O.S.1981 § 7–401(C) which deals with pollution caused by deleterious, noxious, or toxic substances provide in pertinent part:

"... the party responsible for the control of any salt water, crude oil or other deleterious substances causing a violation of this section and resulting from drilling, production, transmission, storage or other operation of the petroleum industry shall be reported to the Oklahoma Corporation Commission and if corrective action is not taken immediately then criminal proceedings shall be had as herein provided. The Corporation Commission is also given the express power to order whatever corrective action is necessary to abate the pollution and is given the authority to enforce the order by any action against the lease or well. Such action shall be reported by the Wildlife Department to the appropriate agency."

**11.** *Tenneco Oil Co. v. El Paso Natural Gas Co.,* 53 OBJ 2476 (October 19, 1982).

BARNES, C.J., and IRWIN, LAVEN-DER, DOOLIN, HARGRAVE, OPALA and WILSON, JJ., concur.